1    AMY W. SCHULMAN
     DLA PIPER LLP
2    1251 Avenue of the Americas
     New York, NY 10020
3    Telephone:  (212) 335-4500
     Facsimile:  (212) 335-4501
4    amy.schulman@dlapiper.com

5    STUART M. GORDON (SBN: 037477)
     GORDON & REES LLP
6    Embarcadero Center West
     275 Battery Street, Suite 2000
7    San Francisco, CA 94111
     Telephone:  (415) 986-5900
8    Facsimile:  (415) 986-8054
     sgordon@gordonrees.com
9
     MICHAEL C. ZELLERS (SBN: 146904)
10   TUCKER ELLIS & WEST LLP
     515 South Flower Street, Suite 4200
11   Los Angeles, CA 90071-2223
     Telephone:  (213) 430-3400
12   Facsimile:  (213) 430-3409
     michael.zellers@tuckerellis.com
13
     Attorneys for Defendants
14   PFIZER INC., PHARMACIA CORPORATION,
     AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

| 19 | IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL Docket No. 1699 |
|---|---|---|---|
| 20 | | ) | CASE NO. 3:07-cv-03296-CRB |
| 21 | *This document relates to* | ) ) | **PFIZER INC., PHARMACIA** |
| 22 | MARILYN HENDERSON and NORMAN STURGEON, | ) ) ) | **CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| 23 | Plaintiff, | ) ) | **JURY DEMAND ENDORSED** |
| 24 | vs. | ) ) | **HEREIN** |
| 25 | PFIZER, INC., PHARMACIA CORPORATION, | ) ) | |
| 26 | and G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), | ) ) | |
| 27 | Defendants. | ) ) | |
| 28 | | ) | |

*(left margin, vertical text)* Gordon & Rees, LLP  275 Battery Street, Suite 2000  San Francisco, CA 94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## **PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Celebrex® (celecoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Celebrex®.

## II.

## **ANSWER**

### **Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer. Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Texas, to be

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

2    with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of

3    the Complaint.

4    4.    Defendants admit that Searle is a Delaware limited liability company with its principal

5    place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that,

6    as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

7    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

8    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

9    Celebrex® in the United States to be prescribed by healthcare providers who are by law

10   authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny

11   the remaining allegations in this paragraph of the Complaint.

12   5.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

13   business in New Jersey. Defendants admit that Pharmacia acquired Searle in 2000 and that, as

14   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

15   Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

16   Celebrex® in the United States, including Texas and California to be prescribed by healthcare

17   providers who are by law authorized to prescribe drugs in accordance with their approval by the

18   FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

19   6.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

21   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

22   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

23   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

24   Celebrex® in the United States to be prescribed by healthcare providers who are by law

25   authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

26   that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

27   and Pharmacia became subsidiaries of Pfizer. Defendants deny the remaining allegations in this

28   paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

7.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

8.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

9.    Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.    Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny committing a tort in the States of Arkansas, Nevada, or California and deny the remaining allegations in this paragraph of the Complaint.

11.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Texas and California.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.    Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.    Defendants deny committing a tort in the States of Texas, Arkansas, Nevada, or California, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Interdistrict Assignment

12.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.    To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

### Response to Factual Allegations

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Celebrex® and, therefore, deny the same.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny that Celebrex® caused Plaintiff injury

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    or damage and deny the remaining allegations in this paragraph of the Complaint.

2    14.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding Plaintiff's medical condition or whether Plaintiff used

4    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5    effective when used in accordance with its FDA-approved prescribing information.  Defendants

6    state that the potential effects of Celebrex® were and are adequately described in its FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law.  Defendants deny that Celebrex® caused Plaintiff injury

9    or damage and deny the remaining allegations in this paragraph of the Complaint.

10    15.    Defendants are without knowledge or information sufficient to form a belief as to the

11    truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

12    same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

13    consumers without substantial change from the time of sale.  Defendants deny any wrongful

14    conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining

15    allegations in this paragraph of the Complaint.

16    16.    Defendants are without knowledge or information sufficient to form a belief as to the

17    truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

18    same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

19    with its FDA-approved prescribing information.  Defendants state that the potential effects of

20    Celebrex® were and are adequately described in its FDA-approved prescribing information,

21    which was at all times adequate and comported with applicable standards of care and law.

22    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23    the Complaint.

24    17.    Defendants state that the allegations in this paragraph of the Complaint regarding

25    aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no

26    response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times,

27    referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the

28    remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

18.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.     Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

22.     Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

23.     Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny the remaining allegations in this paragraph of the Complaint.

24.     Defendants admit that Celebrex® was launched in February 1999.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    25.    Defendants state that the referenced article speaks for itself and respectfully refer the

4    Court to the article for its actual language and text.  Any attempt to characterize the article is

5    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

7    this paragraph of the Complaint.

8    26.    Defendants state that the referenced article speaks for itself and respectfully refer the

9    Court to the article for its actual language and text.  Any attempt to characterize the article is

10    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

12    this paragraph of the Complaint.

13    27.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

14    the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

15    FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when

16    used in accordance with its FDA-approved prescribing information.  Defendants deny the

17    remaining allegations in this paragraph of the Complaint.

18    28.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19    with its FDA-approved prescribing information.  Defendants state that the potential effects of

20    Celebrex® were and are adequately described in its FDA-approved prescribing information,

21    which was at all times adequate and comported with applicable standards of care and law.

22    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23    the Complaint.

24    29.    Defendants state that Celebrex® was and is safe and effective when used in accordance

25    with its FDA-approved prescribing information.  Defendants state that the potential effects of

26    Celebrex® were and are adequately described in its FDA-approved prescribing information,

27    which was at all times adequate and comported with applicable standards of care and law.

28    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Complaint.

30.     Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

33.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

34.     Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35.     Defendants state that the referenced articles speak for themselves and respectfully refer

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Court to the articles for their actual language and text. Any attempt to characterize the articles is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text. Any attempt to characterize the articles is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

40.    Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    42.    Defendants state that the referenced study speaks for itself and respectfully refer the

3    Court to the study for its actual language and text.  Any attempt to characterize the study is

4    denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public

5    Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

6    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

7    Defendants deny the remaining allegations in this paragraph of the Complaint.

8    43.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

9    referenced article speaks for itself and respectfully refer the Court to the article for its actual

10   language and text.  Any attempt to characterize the article is denied.  Defendants deny the

11   remaining allegations in this paragraph of the Complaint.

12   44.    Defendants state that the referenced article speaks for itself and respectfully refer the

13   Court to the article for its actual language and text.  Any attempt to characterize the article is

14   denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety

15   Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient

16   information or knowledge to form a belief as to the truth of such allegations and, therefore,

17   deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18   45.    Defendants state that the referenced article speaks for itself and respectfully refer the

19   Court to the article for its actual language and text.  Any attempt to characterize the article is

20   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21   46.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

22   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

23   and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

24   Defendants deny the remaining allegations in this paragraph of the Complaint.

25   47.    Plaintiffs' Complaint omits Paragraph Number 47.

26   48.    Plaintiffs' Complaint omits Paragraph Number 48.

27   49.    Defendants state that the referenced Medical Officer Review speaks for itself and

28   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

2    allegations in this paragraph of the Complaint.

3    50.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide

4    the proper context for the allegations concerning "other Celebrex trials" contained in this

5    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

6    form a belief as to the truth of such allegations and, therefore, deny the same.  As for the

7    allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

8    that the referenced study speaks for itself and respectfully refer the Court to the study for its

9    actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

10    remaining allegations in this paragraph of the Complaint.

11    51.    Defendants state that the referenced article speaks for itself and respectfully refer the

12    Court to the article for its actual language and text.  Any attempt to characterize the article is

13    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

14    52.    Plaintiffs fail to provide the proper context for the allegations regarding Merck and

15    Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

16    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

17    Defendants state that the referenced studies speak for themselves and respectfully refer the

18    Court to the studies for their actual language and text.  Any attempt to characterize the studies is

19    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20    53.    Defendants state that the referenced Medical Officer Review speaks for itself and

21    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

22    attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

23    allegations in this paragraph of the Complaint.

24    54.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

25    are not directed toward Defendants, and therefore no response is required.  To the extent that a

26    response is deemed required, Plaintiffs fail to provide the proper context for the allegations

27    regarding Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient

28    information or knowledge to form a belief as to the truth of such allegations and, therefore,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   deny the same. Defendants state that the referenced study speaks for itself and respectfully

2   refer the Court to the study for its actual language and text. Any attempt to characterize the

3   study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

4   55.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

5   Complaint are not directed toward Defendants, and therefore no response is required. To the

6   extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

7   allegations regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants

8   therefore lack sufficient information or knowledge to form a belief as to the truth of such

9   allegations and, therefore, deny the same. Defendants state that the referenced study speaks for

10  itself and respectfully refer the Court to the study for its actual language and text. Any attempt

11  to characterize the study is denied. Defendants deny the remaining allegations in this paragraph

12  of the Complaint.

13  56.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

14  Complaint are not directed toward Defendants, and therefore no response is required. To the

15  extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

16  allegations regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants

17  therefore lack sufficient information or knowledge to form a belief as to the truth of such

18  allegations and, therefore, deny the same. Defendants state that the referenced study speaks for

19  itself and respectfully refer the Court to the study for its actual language and text. Any attempt

20  to characterize the study is denied. Defendants state that the referenced article speaks for itself

21  and respectfully refer the Court to the article for its actual language and text. Any attempt to

22  characterize the article is denied. Defendants deny the remaining allegations in this paragraph

23  of the Complaint.

24  57.    Defendants state that Celebrex® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information. Defendants deny the allegations in this

26  paragraph of the Complaint.

27  58.    Defendants state that the referenced article speaks for itself and respectfully refer the

28  Court to the article for its actual language and text. Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-14-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2   59.    Defendants state that allegations in this paragraph of the Complaint are not directed

3   toward Defendants, and therefore no response is required.  To the extent that a response is

4   deemed required, Defendants state that the referenced article speaks for itself and respectfully

5   refer the Court to the article for its actual language and text.  Any attempt to characterize the

6   article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7   60.    Defendants deny the allegations in this paragraph of the Complaint.

8   61.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

13  remaining allegations contained in this paragraph of the Complaint.

14  62.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

16  deny the allegations contained in this paragraph of the Complaint.

17  63.    Defendants deny any wrongful conduct and deny the allegations contained in this

18  paragraph of the Complaint.

19  64.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations contained in this

24  paragraph of the Complaint.

25  65.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

27  same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000.  Defendants state that the referenced letters speak for themselves and respectfully refer the Court to the letters for their actual language and text.  Any attempt to characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

2   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

3   United States to be prescribed by healthcare providers who are by law authorized to prescribe

4   drugs in accordance with their approval by the FDA.    Defendants deny the remaining

5   allegations in this paragraph of the Complaint.

6   71.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.    Defendants state that the potential effects of

8   Celebrex® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

11   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

12   law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants

13   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

14   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

15   United States to be prescribed by healthcare providers who are by law authorized to prescribe

16   drugs in accordance with their approval by the FDA.    Defendants state that Celebrex® is a

17   prescription medication which is approved by the FDA for the following indications: (1) for

18   relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

19   rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

20   treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

21   in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

22   surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

23   relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

24   and older.    Defendants deny any wrongful conduct and deny the remaining allegations in this

25   paragraph of the Complaint.

26   72.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.    Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    which at all times was adequate and comported with applicable standards of care and law.

2    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

3    ambiguous. Defendants are without knowledge or information to form a belief as to the truth of

4    such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny

5    that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

6    73.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information. Defendants state that the potential effects of

8    Celebrex® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

11   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

12   law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

13   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

14   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

15   United States to be prescribed by healthcare providers who are by law authorized to prescribe

16   drugs in accordance with their approval by the FDA. Defendants deny the remaining

17   allegations in this paragraph of the Complaint.

18   74.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information. Defendants state that the potential effects of

20   Celebrex® were and are adequately described in its FDA-approved prescribing information,

21   which at all times was adequate and comported with applicable standards of care and law.

22   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

23   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

24   law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

25   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

26   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

27   United States to be prescribed by healthcare providers who are by law authorized to prescribe

28   drugs in accordance with their approval by the FDA. Defendants deny the remaining

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    allegations in this paragraph of the Complaint.

2    75.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    76.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10    Celebrex® were and are adequately described in its FDA-approved prescribing information,

11    which was at all times adequate and comported with applicable standards of care and law.

12    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13    the Complaint.

14    77.    Defendants deny the allegations in this paragraph of the Complaint.

15    78.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information.  Defendants state that the potential effects of

17    Celebrex® were and are adequately described in its FDA-approved prescribing information,

18    which was at all times adequate and comported with applicable standards of care and law.

19    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20    the Complaint.

21    79.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendants state that the potential effects of

23    Celebrex® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26    the Complaint.

27    80.    Defendants are without knowledge or information sufficient to form a belief as to the

28    truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3    81.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

8    remaining allegations in this paragraph of the Complaint.

9    82.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Celebrex® are and were adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14   the Complaint.

15   83.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendants state that the potential effects of

17   Celebrex® are and were adequately described in its FDA-approved prescribing information,

18   which was at all times adequate and comported with applicable standards of care and law.

19   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

20   the study for its actual language and text.  Any attempt to characterize the study is denied.

21   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22   the Complaint.

23   84.    Defendants deny any wrongful conduct and deny the remaining allegations in this

24   paragraph of the Complaint.

25   85.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

27   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

86.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

87.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

88.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  effective when used in accordance with its FDA-approved prescribing information. Defendants

2  state that the potential effects of Celebrex® were and are adequately described in its FDA-

3  approved prescribing information, which was at all times adequate and comported with

4  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

5  remaining allegations in this paragraph of the Complaint, including all subparts.

6  90.    Defendants are without knowledge or information sufficient to form a belief as to the

7  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

8  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

9  effective when used in accordance with its FDA-approved prescribing information. Defendants

10  state that the potential effects of Celebrex® were and are adequately described in its FDA-

11  approved prescribing information, which was at all times adequate and comported with

12  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

13  remaining allegations in this paragraph of the Complaint.

14  91.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information. Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19  the Complaint.

20  92.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

22  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information. Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law. Defendants deny any wrongful conduct, deny that

27  Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

28  paragraph of the Complaint.

93.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' medical conditions and whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

94.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

95.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

96.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

97.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants deny the remaining allegations in this paragraph of the Complaint.

2    99.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

7    remaining allegations in this paragraph of the Complaint.

8    100.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Celebrex® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

13   remaining allegations in this paragraph of the Complaint, including all subparts.

14   101.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

16   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17   effective when used in accordance with its FDA-approved prescribing information.  Defendants

18   state that the potential effects of Celebrex® were and are adequately described in its FDA-

19   approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

21   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

22   remaining allegations in this paragraph of the Complaint.

23   102.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Celebrex® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

28   remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   103.    Defendants are without knowledge or information sufficient to form a belief as to the

2   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

3   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

4   effective when used in accordance with its FDA-approved prescribing information.  Defendants

5   state that the potential effects of Celebrex® were and are adequately described in its FDA-

6   approved prescribing information, which was at all times adequate and comported with

7   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

8   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

9   remaining allegations in this paragraph of the Complaint.

10  104.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  105.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

18  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19  effective when used in accordance with its FDA-approved prescribing information.  Defendants

20  state that the potential effects of Celebrex® were and are adequately described in its FDA-

21  approved prescribing information, which was at all times adequate and comported with

22  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

23  Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

24  paragraph of the Complaint.

25  106.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Celebrex® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    107.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

5    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information.  Defendants

7    state that the potential effects of Celebrex® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

10   remaining allegations in this paragraph of the Complaint.

11   108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

12   damage, and deny the remaining allegations in this paragraph of the Complaint.

13   109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

14   damage, and deny the remaining allegations in this paragraph of the Complaint.

15   110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

16   damage, and deny the remaining allegations in this paragraph of the Complaint.

17                  **Response to Third Cause of Action: Breach of Express Warranty**

18   111.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

19   Complaint as if fully set forth herein.

20   112.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

22   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.  Defendants

24   state that the potential effects of Celebrex® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants admit that they provided FDA-approved

27   prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

28   deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

113.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

114.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding

1   Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2   118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3   damage, and deny the remaining allegations in this paragraph of the Complaint.

4   119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5   damage, and deny the remaining allegations in this paragraph of the Complaint.

6   120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

7   damage, and deny the remaining allegations in this paragraph of the Complaint.

8   **Response to Fourth Cause of Action: Breach of Implied Warranty**

9   121.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

10  Complaint as if fully set forth herein.

11  122.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

12  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

13  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

14  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

15  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

16  Celebrex® in the United States to be prescribed by healthcare providers who are by law

17  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

18  the remaining allegations in this paragraph of the Complaint.

19  123.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants admit that they provided FDA-approved prescribing information regarding

24  Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  124.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Celebrex® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.  Defendants deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    this paragraph of the Complaint.

2    128.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

4    same.    Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

5    consumers without substantial change from the time of sale.    Defendants deny the remaining

6    allegations in this paragraph of the Complaint.

7    129.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

9    same.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.    Defendants state that the potential effects of

11   Celebrex® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the

14   remaining allegations in this paragraph of the Complaint.

15   130.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

16   damage, and deny the remaining allegations in this paragraph of the Complaint.

17   131.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

18   damage, and deny the remaining allegations in this paragraph of the Complaint.

19   132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

20   damage, and deny the remaining allegations in this paragraph of the Complaint.

21   **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

22   133.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

23   Complaint as if fully set forth herein.

24   134.    Defendants state that this paragraph of the Complaint contains legal contentions to

25   which no response is required.    To the extent that a response is deemed required, Defendants

26   admit that they had duties as are imposed by law but deny having breached such duties.

27   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

28   FDA-approved prescribing information.    Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

136.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    139.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

5    same. Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information. Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10   the Complaint.

11   140.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

13   same. Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information. Defendants state that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18   the Complaint.

19   141.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

21   same. Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information. Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26   the Complaint.

27   142.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

145.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

146.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

147.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Response to Sixth Cause of Action: Unjust Enrichment**

2    148.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3    Complaint as if fully set forth herein.

4    149.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

6    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

7    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

8    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

9    Celebrex® in the United States to be prescribed by healthcare providers who are by law

10   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

11   the remaining allegations in this paragraph of the Complaint.

12   150.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

14   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

15   151.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

17   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18   152.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

20   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25   the Complaint.

26   153.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the

28   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action:**

**State Consumer Fraud and Deceptive Trade Practices Act**

155.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

156.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

158.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

159.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

160.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

164.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

165.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

166.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Prayer For Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for

2  Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to

claims asserted by Plaintiffs to the extent that such defenses are supported by information

developed through discovery or evidence at trial.  Defendants affirmatively show that:

#### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

#### Second Defense

2.      Celebrex® is a prescription medical product.  The federal government has preempted

the field of law applicable to the labeling and warning of prescription medical products.

Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

which relief can be granted; such claims, if allowed, would conflict with applicable federal law

and violate the Supremacy Clause of the United States Constitution.

#### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information, and

instructions for the drug in accordance with generally recognized and prevailing standards in

existence at the time.

#### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of

Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

knowledge at the time the drug was manufactured, marketed, and distributed.

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Fifth Defense**

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.      Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.      Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.      The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   determining the use of the product.  Celebrex® is a prescription medical product, available only

2   on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs'

3   treating and prescribing physicians.

**Thirteenth Defense**

4

5   13.    The product at issue was not in a defective condition or unreasonably dangerous at the

6   time it left the control of the manufacturer or seller.

**Fourteenth Defense**

7

8   14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

9   for its intended use and the warnings and instructions accompanying Celebrex® at the time of

10  the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved

11  usages.

**Fifteenth Defense**

12

13  15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

14  Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable

15  standard of care.

**Sixteenth Defense**

16

17  16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of

18  the product Celebrex® after the product left the control of Defendants and any liability of

19  Defendants is therefore barred.

**Seventeenth Defense**

20

21  17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

22  Defendants.

**Eighteenth Defense**

23

24  18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

25  conditions unrelated to Celebrex®.

**Nineteenth Defense**

26

27  19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore,

28  the doctrine of assumption of the risk bars or diminishes any recovery.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to § 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

-40-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-seventh Defense**

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, Article 2, § 8 of the Constitution of the State of Arkansas, and the Constitutions of the States of Nevada and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the law of the States of Arkansas, Nevada, and California and the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of

1    Defendants.

2                          **Thirty-fifth Defense**

3    35.    Plaintiffs    failed    to    provide    Defendants    with    timely    notice    of    any    alleged

4    nonconformance to any express representation.

5                          **Thirty-sixth Defense**

6    36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

7    proof of causation, the claims violate Defendants' rights under the United States Constitution.

8                          **Thirty-seventh Defense**

9    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

10   labeling with respect to the subject pharmaceutical products were not false or misleading and,

11   therefore, constitute protected commercial speech under the applicable provisions of the United

12   States Constitution.

13                         **Thirty-eighth Defense**

14   38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

15   caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

16   law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

17   protections afforded by the United States Constitution, the excessive fines clause of the Eighth

18   Amendment of the United States Constitution, the Commerce Clause of the United States

19   Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

20   Constitutions of the States of Arkansas, Nevada, and California.  Any law, statute, or other

21   authority purporting to permit the recovery of punitive damages in this case is unconstitutional,

22   facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally

23   sufficient standards to guide and restrain the jury's discretion in determining whether to award

24   punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide

25   adequate advance notice as to what conduct will result in punitive damages; (3)  permits

26   recovery of punitive damages based on out-of-state conduct, conduct that complied with

27   applicable law, or conduct that was not directed, or did not proximately cause harm, to

28   Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Forty-third Defense**

43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.     Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

**Forty-sixth Defense**

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.     The claims must be dismissed because Plaintiffs would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Fiftieth Defense

2   50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

3   collateral sources.

4

### Fifty-first Defense

5   51.    Defendants' liability, if any, can only be determined after the percentages of

6   responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

7   any, are determined.    Defendants seek an adjudication of the percentage of fault of the

8   claimants and each and every other person whose fault could have contributed to the alleged

9   injuries and damages, if any, of Plaintiffs.

10

### Fifty-second Defense

11   52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

12   common law gives deference to discretionary actions by the United States Food and Drug

13   Administration under the Federal Food, Drug, and Cosmetic Act.

14

### Fifty-third Defense

15   53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

16   is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

17   ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

18   claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

19   FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

20   and with the specific determinations by FDA specifying the language that should be used in the

21   labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the

22   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

23   United States.

24

### Fifty-fourth Defense

25   54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

26   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

27

### Fifty-fifth Defense

28   55.    Defendants state on information and belief that the Complaint and each purported cause

-45-

of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Rule 9 of the Arkansas Rules of Civil Procedure, and should be dismissed.

### Fifty-ninth Defense

59.     Any claims for breach of warranty are barred for lack of reasonable reliance, lack of timely notice, lack of privity, and because the alleged warranties were excluded and/or disclaimed.

### Sixtieth Defense

60.     Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

### Sixty-first Defense

61.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Sixty-second Defense

62.     Defendants state that any award of punitive damages in this case would violate Defendants' procedural and substantive due process rights because there are insufficient circumstances in this case to support the reasonableness of an award of punitive damages and there are inadequate legal and procedural constraints imposed on the fact finder's discretion to impose such awards.  The standard for punitive damages in Nevada lacks sufficient objective criteria and procedural safeguards to give a jury adequate criteria or an appropriate range of proportionality regarding punitive damages.

### Sixty-third Defense

63.     Defendants state that post-trial procedures and standards in a trial court for scrutinizing punitive damage awards and standards for appellate review of punitive damage awards in Nevada are insufficient, and therefore violate Defendants' rights to due process of law and right to protection from "excessive fines".

### Sixty-fourth Defense

64.     Defendants state that it would violate Defendants' rights guaranteed by the United States Constitution and the Constitution of the State of Nevada to impose punitive damages against them which are penal in nature by requiring a burden of proof on the Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.  In the alternative, entitlement to such damages would be provided by a "clear" and "convincing" standard of proof, in view of insufficient substantive and procedural protections under Nevada law regarding punitive damages.

### Sixty-fifth Defense

65.     Plaintiffs' claim for punitive damages is barred to the extent it exceeds the limitations imposed by N.R.S. § 42.005 or seeks punitive damages that are disproportionate to Plaintiffs' claims for compensatory damages.

### Sixty-sixth Defense

66.     To the extent Plaintiffs seek recovery for economic loss, recovery is limited to the reasonable damages contemplated by the parties and proximately caused by the breach pursuant

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  to N.R.S. § 104.2715.

2  ### Sixty-seventh Defense

3  67.    Defendants assert and preserve all statutory defenses available under the laws of the

4  Commonwealth of Nevada, including but not limited to N.R.S. § 41.085 otherwise known as

5  Nevada's wrongful death statute.

6  ### Sixty-eighth Defense

7  68.    Plaintiffs lack standing to bring a claim pursuant to N.R.S. §§ 41.600, 598.0915,

8  598.0923 and 598.0925.

9  ### Sixty-ninth Defense

10  69.    The conduct of Defendants and all activities with respect to Celebrex® were fair and

11  truthful based upon the state of knowledge existing at the relevant time alleged in the

12  Complaint.    Therefore, Plaintiffs' claims under N.R.S. §§ 41.600, 598.0915, 598.0923, and

13  598.0925 are barred.

14  ### Seventieth Defense

15  70.    All activities of Defendants as alleged in the Complaint were expressly permitted by

16  federal statutes and regulations.    Accordingly, as a matter of law, such activities cannot be

17  deemed unfair, fraudulent, or unlawful under N.R.S. §§ 41.600, 598.0915, 598.0923, and

18  598.0925.

19  ### Seventy-first Defense

20  71.    Defendants reserve the right to supplement their assertion of defenses as they continue

21  with their factual investigation of Plaintiffs' claims.

22  ### V.

23  ### PRAYER

24  WHEREFORE, Defendants pray for judgment as follows:

25  1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

26  2.    That the Complaint be dismissed;

27  3.    That Defendants be awarded their costs for this lawsuit;

28  4.    That the trier of fact determine what percentage of the combined fault or other liability

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1      of all persons whose fault or other liability proximately caused Plaintiffs' alleged

2      injuries, losses or damages is attributable to each person;

3   5.   That any judgment for damages against Defendants in favor of Plaintiffs be no greater

4      than an amount which equals their proportionate share, if any, of the total fault or other

5      liability which proximately caused Plaintiffs' injuries and damages; and

6   6.   That Defendants have such other and further relief as the Court deems appropriate.

September 14, 2007                              GORDON & REES LLP


                                               By: :_____/s/_____
                                                  Stuart M. Gordon
                                                  sgordon@gordonrees.com
                                                  Embarcadero Center West
                                                  275 Battery Street, 20th Floor
                                                  San Francisco, CA 94111
                                                  Telephone:  (415) 986-5900
                                                  Fax:  (415) 986-8054


September 14, 2007                              TUCKER ELLIS & WEST LLP


                                               By: :_____/s/_____
                                                  Michael C. Zellers
                                                  michael.zellers@tuckerellis.com
                                                  515 South Flower Street, Suite 4200
                                                  Los Angeles, CA  90071-2223
                                                  Telephone:  (213) 430-3400
                                                  Fax:  (213) 430-3409


                                               Attorneys for Defendants
                                               PFIZER INC., PHARMACIA
                                               CORPORATION, and G.D. SEARLE
                                               LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2    Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  September 14, 2007                      GORDON & REES LLP

6

7                                         By: :_____/s/_____

8                                         Stuart M. Gordon
                                          sgordon@gordonrees.com
9                                         Embarcadero Center West
                                          275 Battery Street, 20th Floor
10                                        San Francisco, CA 94111
                                          Telephone: (415) 986-5900
11                                        Fax: (415) 986-8054

12  September 14, 2007                     TUCKER ELLIS & WEST LLP

13

14                                        By: :_____/s/_____

15                                        Michael C. Zellers
                                          michael.zellers@tuckerellis.com
16                                        515 South Flower Street, Suite 4200
                                          Los Angeles, CA 90071-2223
17                                        Telephone: (213) 430-3400
                                          Fax: (213) 430-3409
18
                                          Attorneys for Defendants
19                                        PFIZER INC., PHARMACIA
                                          CORPORATION, and G.D. SEARLE
20                                        LLC

21

22

23

24

25

26

27

28